**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PAMELA MOORE, | ) | CASE NO.  1:10-cv-2913 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | VECCHIARELLI |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| Defendant. | ) | **ORDER** |

This case is before the Magistrate Judge by the consent of the parties.  (Doc.

No. 12.)  Before the Court is Plaintiff, Pamela Moore's ("Plaintiff"), motion for attorney's

fees in the amount of $1,893.75 pursuant to the Equal Access to Justice Act, 28 U.S.C.

§ 2412(d) ("EAJA").  (Doc. No. 19.)  Defendant, Michael J. Astrue, the Commissioner of

Social Security ("the Commissioner") opposes.  (Doc. No. 20.)  For the reasons set forth

below, Plaintiff's motion for EAJA fees is GRANTED.

**I.**

On December 23, 2010, Plaintiff filed her complaint to challenge the

Commissioner's final decision denying Plaintiff's applications for Social Security

disability benefits.  (Doc. No. 1.)  Plaintiff asserted two assignments of error:  (1) the

ALJ failed to find that some of Plaintiff's impairments were severe; and (2) the ALJ

failed to assess Plaintiff's credibility properly pursuant to Social Security Ruling 96-7p.

The Court found that Plaintiff's first assignment of error was, at most, harmless error

and not a basis for remand; however, the Court agreed with Plaintiff that the ALJ failed

to properly assess Plaintiff's credibility pursuant to Social Security Ruling 97-7p:[1]

> The ALJ did not explain the logical nexus between her finding that Plaintiff's statements were incredible and the evidence that followed her finding. Moreover, the ALJ did not reconcile the contradictions in the evidence that she cited in her apparent assessment of Plaintiff's credibility. The ALJ's finding that Plaintiff's sarcoidosis was adequately controlled with Prednisone is particularly disconcerting. If a claimant suffers an impairment that is disabling absent treatment, and the claimant cannot afford the treatment and cannot otherwise obtain it, then the impairment would be deemed disabling. *See McKnight v. Sullivan*, 927 F.2d 241, 242 (6th Cir. 1990).  The ALJ found that Plaintiff's sarcoidosis was severe, but she did not reconcile her finding that Plaintiff's sarcoidosis was controlled with Prednisone with Plaintiff's testimony that she could not afford Prednisone and could only obtain it in small quantities when she presented to the emergency room with breathing problems.  In short, the ALJ failed to provide sufficiently specific and clear reasons for the weight she gave to Plaintiff's statements.

(Mem. Op. & Order 11/30/11, at 20-21.)  The Court concluded that "[r]emand is

---

[1] Social Security Ruling 96-7p provides, in relevant part, the following:

> It is not sufficient for the adjudicator to make a single, conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

S.S.R. 96-7p, 1996 WL 374186, at *2 (S.S.A.).

necessary for the ALJ to provide such specific and clear reasons for her assessment of Plaintiff's credibility that are supported by the record evidence."  (Mem. Op. & Order 11/30/11, at 21.)

On January 26, 2011, Plaintiff filed her motion for attorney's fees pursuant to EAJA.  (Doc. No. 19.)  Plaintiff seeks $1,893.75 in attorneys fees for 15.15 hours of services rendered at a rate of $125.00 per hour.  Plaintiff attached to her motion an assignment agreement between her and her counsel, Marcia W. Margolius, that provides "[i]f this matter is appealed to Federal Court, I hereby assign any EAJA fees to my attorneys."  (Doc. No. 19-1.)  Plaintiff signed the agreement on November 29, 2010. (Doc. No. 19-1.)  Pursuant to that agreement, Plaintiff requests that any EAJA fee award be made payable to her counsel.

On February 8, 2012, the Commissioner filed his response in opposition to Plaintiff's motion.  (Doc. No. 20.)  The Commissioner argues that an EAJA award is not warranted because his position was substantially justified.  Additionally, the Commissioner contends that any EAJA award should be paid to Plaintiff and not Plaintiff's counsel.

**II.**

EAJA requires the payment of fees and expenses to the prevailing party in an action against the United States unless the position of the United States was substantially justified.  *Howard v. Barnhart*, 376 F.3d 551, 553 (6th Cir. 2004).[2]  A

_____

[2] EAJA provides, in pertinent part, as follows:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and

plaintiff is the "prevailing party" when he or she succeeds on any significant issue in the litigation resulting in the benefit of a remand.  *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993)*; Olive v. Comm'r of Soc. Sec.*, 534 F. Supp. 2d 756, 758 (N.D. Ohio 2008) (Katz, J.).  Here, Plaintiff is the "prevailing party" because the Court entered Judgment in his favor and remanded the case.  The issue here is whether the Commissioner's position was substantially justified.

The phrase "position of the United States" refers to both "the position taken by the United States in the civil action, [and] the action or failure to act by the agency upon which the civil action is based."  28 U.S.C. § 2412(d)(2)(D); *see I.N.S. v. Jean*, 496 U.S. 154, 159 n.7 (1990).  That is, "[b]oth the underlying agency decision denying disability, and the agency's position in court, must be substantially justified."  *Holbrook v. Comm'r of Soc. Sec.*, No. 3:10-cv-1927, 2011 WL 6337792, at *1 (N.D. Ohio Dec. 19, 2011) (Zouhary, J.) (citing *Delta Eng'g v. United States*, 41 F.3d 259, 262 (6th Cir. 1994)).  The Commissioner bears the burden of establishing that his position was substantially justified.  *See Scarborough v. Principi*, 541 U.S. 401, 414 (2004); *E.W. Grobbel Sons, Inc. v. Nat'l Labor Relations Bd.,* 176 F.3d 875, 878 (6th Cir.1999).  In other words, a "[p]laintiff is presumptively entitled to attorney's fees unless the government can meet

other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C . § 2412(d)(1)(A).

its burden of showing that the position of the United States was substantially justified or that special circumstances make an award unjust." *Olive*, 534 F. Supp. 2d at 758.

A position is substantially justified when it is "justified to a degree that could satisfy a reasonable person." *Howard*, 376 F.3d at 554 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).  The mere fact that the Commissioner lost the case does not necessarily mean that his position was "not substantially justified."  *See id.* (citing *Pierce*, 487 U.S. at 569).  The pertinent inquiry is whether the Commissioner's position had a reasonable basis both in law and fact.  *See id.* (citing *Pierce*, 487 U.S. at 565).

**III.**

The Commissioner argues that his position was substantially justified because the ALJ's error that warranted remand merely was an "articulation error" surrounded by an otherwise thorough analysis; the Court found that Plaintiff's other assignment of error lacked merit; and the Court did not remand for an award for benefits, but rather to address unresolved factual issues.  But the ALJ's assessment of Plaintiff's credibility plainly violated Social Security Ruling 96-7p because the ALJ failed to state specific reasons for her finding on credibility that were supported by the evidence in the case record and that were sufficiently specific to make clear the weight she gave Plaintiff's statements and the reasons for that weight.  Instead, the ALJ made a conclusory statement that she did not find Plaintiff's statements fully credible and then listed contradictory evidence from the record.  Most troubling was that the ALJ failed to explain how Plaintiff's severe sarcoidosis was adequately controlled with Prednisone when Plaintiff testified that she could not afford Prednisone and could only obtain it in

5

small quantities when she presented to the emergency room with breathing problems. An opinion characterized by these flaws cannot be said to have a reasonable basis in law or fact.  The Commissioner has failed to persuade the Court that his position was substantially justified in this case; accordingly, Plaintiff is entitled an EAJA award.

Plaintiff seeks $1,893.75 in attorneys fees for 15.15 hours of services rendered at a rate of $125.00 per hour to fully satisfy all of her claims for fees, costs, and expenses under EAJA in this case.  The Court finds the hours of services rendered and rate per hour reasonable and appropriate in this case.  *See Garcia v. Comm'r of Soc. Sec.*, No. 4:10-cv-56, 2011 WL 2110297, at *2 (N.D. Ohio May 25, 2011) (finding that 15.55 hours of services rendered at a rate of $125.00 per hour was reasonable and appropriate).

Plaintiff requests that any EAJA award be made payable to her counsel pursuant to an assignment.  The Commissioner contends, however, that any EAJA award should be made payable to Plaintiff rather than Plaintiff's counsel because EAJA awards are subject to administrative offset to pay for any pre-existing debts owed to the government**.**  The mere fact that an EAJA award is subject to administrative offset does not persuade the Court that the EAJA award may not be assigned to counsel if there is either no pre-existing debt subject to offset, or the debt is less than the amount of EAJA fee award.  Accordingly, counsel first shall determine whether Plaintiff owes a pre-existing debt subject to offset; if there is no pre-existing debt or the debt is less than the amount of the EAJA fee award, the balance of the EAJA fee award shall be made payable to Plaintiff's counsel per the assignment in the record.

6

**IV.**

For the foregoing reasons, Plaintiff's motion for $1,893.75 in attorney's fees pursuant to EAJA, in full satisfaction of all of Plaintiff's claims for fees, costs, and expenses under EAJA in this case,  is GRANTED.

**IT IS SO ORDERED**.

s/ *Nancy A. Vecchiarelli*
U.S. Magistrate Judge

Date:  February 14, 2012